IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LARRY SWANSON                                              PLAINTIFF

vs.                                                         No. 3:00CV194-D-A

CITY OF BRUCE, MISSISSIPPI                      DEFENDANT

OPINION GRANTING POST-TRIAL MOTIONS IN PART

Presently before the court is the Defendant's renewed motion for judgment as a matter of law or, in the alternative, for remittitur or new trial. Also pending is the Plaintiff's motion for reinstatement or, in the alternative, for front pay. Upon due consideration, the court finds that the Defendant's motion should be denied, and the Plaintiff's motion should be granted in part.

*A. Factual and Procedural Background*

The Plaintiff Larry Swanson, who is white, was hired as a part-time patrol officer with the City of Bruce Police Department in 1990. Swanson has also served in the elected position of Calhoun County Constable since 1988. He rose to become the part-time Assistant Police Chief for the City of Bruce in 1997. Swanson received no complaints about his duty performance until the City hired a black police chief, E.J. Bobo, in 1997. Bobo's tenure as chief was rocky, and on May 6, 2000, both he and Swanson had their employment with the Police Department terminated, allegedly for "lack of department unity." Swanson's position was eventually filled by a Hispanic law enforcement officer.

Swanson filed his complaint with the court on July 24, 2000, alleging that he was terminated from his position based on race discrimination in violation of Title VII and racially based retaliation in violation of 42 U.S.C. § 1981, because of his support and loyalty to Bobo. Swanson also alleged that his First Amendment rights were violated in connection with his termination. This court

subsequently granted summary judgment in favor of the City as to Swanson's claims. On appeal, the Fifth Circuit reversed in part - only as to the Plaintiff's claim for race-based retaliation pursuant to Section 1981 - and remanded that claim to this court for further proceedings. The Plaintiff's claim for race retaliation was subsequently tried to a jury; the jury returned a verdict in favor of the Plaintiff in the amount of $32,940 in backpay and also awarded the Plaintiff $18,060 in emotional distress damages, for a total verdict of $51,000.00.

In its present motion, the Defendant argues that the jury's verdict should be set aside or that a new trial be granted or that the awarded damages be remitted. The Plaintiff moves for reinstatement or an award of front pay.

### B. Standards for the Parties' Pending Motions

Rule 50 of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . . In ruling on a renewed motion, the court may . . . allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law.

Fed. R. Civ. P. 50.

In applying this standard, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all reasonable factual inferences in that party's favor, and leave credibility determinations and the weighing of evidence to the jury. McCrary v. El Paso Energy Holdings, Inc., 209 F. Supp. 2d 649, 651 (N.D. Miss. 2002) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50, 120 S.Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000)). The court

2

should grant a motion for judgment as a matter of law only when "the facts and inferences point so strongly and overwhelmingly in favor of [the moving] party that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

As for the Defendant's motion for a new trial, Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

As for the Defendant's motion for remittitur, there is a strong presumption in favor of affirming a jury award of damages, and a damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice. Westbrook, 754 F.2d at 1241. A verdict is excessive only if it is "contrary to right reason" or

"entirely disproportionate to the injury sustained." Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983).

The Plaintiff has filed a motion seeking reinstatement or front pay. The Fifth Circuit has held that "[r]einstatement is the preferred remedy for a discriminatory discharge . . . ." Deloach v. Delchamps, Inc., 897 F.2d 815, 822 (5th Cir. 1990). However, reinstatement to a former position is inappropriate if that position no longer exists, or when a comparable position is not available. Woodhouse v. Magnolia Hosp., 92 F.3d 248, 257 (5th Cir. 1996); Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246, 1255 (5th Cir. 1995). Reinstatement is also inappropriate where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." Goldstein v. Manhattan Indus., 758 F.2d 1435, 1448-49 (5th Cir. 1985). If reinstatement is not feasible in a given case, front pay should normally be awarded. Brunnemann v. Terra Intern., Inc., 975 F.2d 175, 180 (5th Cir. 1992). Front pay is defined as "an affirmative order designed to compensate the plaintiff for economic losses that have not occurred as of the date of the court decree, but that may occur as the plaintiff works toward his or her rightful place." Sellers v. Delgado Community College, 839 F.2d 1132, 1141 (5th Cir. 1988).

*C. Discussion*

1. Motion for Judgment as a Matter of Law

The Defendant City argues that it is entitled to judgment as a matter of law because (i) the evidence was such that reasonable people could not differ on the issue of whether the City is liable for the Plaintiff's termination, (ii) the court erroneously refused the City's Proposed Jury Instruction Number D-5B, (iii) the jury's verdict was against the overwhelming weight of the evidence, and (iv) because the jury's $18,060 award in emotional distress damages was not supported by the evidence.

4

42 U.S.C. § 1981 allows a terminated employee to recover where his firing was in retaliation for his speech acts in support of the rights of minorities. Pinkard v. Pullman-Standard, 678 F.2d 1211, 1229 (5th Cir. 1980); Foley v. University of Houston Sys., 355 F.3d 333, 339 (5th Cir. 2003). In order to maintain a claim for racial retaliation under Section 1981, a plaintiff must demonstrate (1) that he engaged in activity protected by Section 1981 and is therefore a "protected person;" (2) that he is qualified for the position; (3) that there was an adverse employment action; and (4) that a causal link existed between the protected activity and the adverse employment action. Holtzclaw v. DSC Communications Corp., 255 F.3d 254, 260 (5th Cir. 2001); Shackelford v. Deloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999); Dollis v. Rubin, 77 F.3d 777, 780 (5th Cir. 1995).

Upon review, the court finds that the Defendant's motion for judgment as a matter of law should be denied. First, the court finds that a portion of the Defendant's arguments are precluded by the law of the case doctrine. Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal. Illinois Cent. Gulf R. Co. v. International Paper Co., 889 F.2d 536, 539 (5th Cir. 1989). Any legal or factual decisions made by the appellate court must be followed in all subsequent proceedings in the same case unless: (1) the evidence in a subsequent trial is substantially different; (2) the prior decision was "clearly erroneous and would work manifest injustice;" or (3) controlling authority has in the interim made a contrary decision of law applicable to the disputed issue. Falcon v. General Telephone Co., 815 F.2d 317, 320 (5th Cir. 1987).

In the case *sub judice*, the Fifth Circuit plainly decided the following issues of law and fact in the Plaintiff's appeal of this court's grant of summary judgment as to his claims: (1) that the Plaintiff has stated a *prima facie* case of retaliation under 42 U.S.C. § 1981; and (2) that the City's

argument that Swanson was unqualified for the position because he did not fulfill a set of new formal job requirements passed by the City shortly before his termination constitutes "circular reasoning" and is an issue for the jury to determine under the third step of the McDonnell-Douglas burden-shifting regime. See Swanson v. City of Bruce, 105 Fed. Appx. 540, 544 (5th Cir. 2004). In accordance with the above-denoted authorities, the court finds that the law of the case doctrine applies to these two findings, none of the exceptions to the doctrine applies, and that the court may therefore not reexamine these findings.

Thus, the court finds that the Defendant's argument that the court erred in failing to give Proposed Instruction D-5B to the jury is without merit. The Defendant argues that the Plaintiff cannot prove a *prima facie* case of retaliation because, if Instruction D-5B had been given (it dealt with statutory language that apparently limited part-time status to those officers earning less than a total of $500 a month; that limit was increased in 2003 to $1,075 per month pursuant to Section 45-6-3 of the Mississippi Code) the jury may have concluded that the Plaintiff was not qualified for the position. As noted above, however, with the exception of the potentially discriminatory purpose behind the City's newly-enacted (at the time of the Plaintiff's termination) requirement that all police officers be certified law enforcement officers, the Fifth Circuit plainly stated in its opinion remanding this case for trial that the Plaintiff "has stated a *prima facie* case for a retaliatory firing." Swanson, 105 Fed. Appx. at 544. The same is true for the Defendant's assertion that the Plaintiff did not engage in protected activity; the Fifth Circuit has plainly held otherwise and this court is bound by those findings under the law of the case doctrine.

Next, the Defendant argues that the Plaintiff has failed to show that the Defendant's stated reason for firing him was pretextual and that the real reason was unlawful retaliation, because the

Plaintiff did not prove that a majority of the four-member City Board of Aldermen acted for racially retaliatory reasons in firing him. The jury was instructed (in Instruction No. D-5) that the Plaintiff must show that a majority of the board members acted for racially retaliatory reasons in order for the Plaintiff to prevail. The Plaintiff introduced evidence at trial indicating that at least two of the Board members, Aldermen Rogers and Trimble, may have been hostile towards the Plaintiff because he defended Chief Bobo. In addition, the undisputed evidence presented at trial was that Alderman Helm voted to terminate the Plaintiff's employment even though he had told the Plaintiff that he was doing a good job and thus had no non-discriminatory reason to fire him. Given this evidence, it was clearly reasonable for the jury to conclude that the Defendant's proffered reason for discharge was false and that the real reason for the Plaintiff's termination was racially-based retaliation. See Reeves, 530 U.S. at 148 (holding that when legitimate reasons for employment decision have been discredited, fact-finder may infer that discrimination was the real reason for decision); Machinchick v. PS Power, Inc., 398 F.3d 345, 350-51 (5th Cir. 2005) (court held that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude the employer unlawfully discriminated."). Viewing the foregoing in a light most deferential to the jury's determination and to the non-movant, the court finds that the jury could have reasonably concluded that the real reason for the Plaintiff's termination was in fact racially-based retaliation.

For all of the above-denoted reasons, the court finds that there was a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff. The facts and inferences do not point "so strongly and overwhelmingly in favor of [the Defendant] that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co., 411 F.2d at 374. Thus, the Defendant's

motion for judgment as a matter of law shall be denied.

### 2. Motion for New Trial

The Defendant argues that it is entitled to a new trial because the Plaintiff's attorney made improper jury arguments in his closing statement. For the following reasons, the court finds that the Defendant's motion should be denied.

First, the Defendant argues that the Plaintiff's attorney appealed to the personal interest and bias of the jury and intimated to the jury that their decision should be guided on the basis of religious belief or bias as opposed to the evidence presented at trial. The Defendant also argues that the Plaintiff's attorney hinted during closing that Alderman Helm was racist, and that this comment warrants a new trial. The court finds that the Defendant's arguments are without merit because the Defendant did not object to the comments at trial, and there is no evidence that the jury's verdict was influenced by these statements as the jury's award of damages to the Plaintiff was reasonable and modest. See Nissho-Iwai Co. v. Occidental Crude Sales, Inc., 848 F.2d 613, 619-20 (5th Cir. 1988) (holding that parties waive any objection to improper statements in closing argument when they do not object contemporaneously to the statements; parties are thereafter "barred from urging the improper arguments as grounds for a new trial after the jury [has] returned its verdict."). Thus, the court finds that these statements, particularly because they were not objected to at trial, were not sufficiently prejudicial to warrant granting the Defendant's motion for a new trial.

### 3. Motion for Remittitur

The Defendant next moves the court to remit the Plaintiff's backpay award from $32,940 to a maximum of $7,630, or to find that he is not entitled to backpay at all because he did not adequately mitigate his damages. The parties stipulated that the Plaintiff's base salary while

employed by the Defendant was $500 per month or $6,000 per year (plus an additional nine percent towards his state retirement). The Plaintiff was terminated on May 6, 2000, and the date the trial concluded was August 24, 2005, some sixty-three months later.

As for the Defendant's argument that the Plaintiff failed to adequately mitigate his damages, it is axiomatic that a plaintiff suing for backpay damages has a duty to mitigate his damages. West v. Nabors Drilling USA, Inc., 330 F.3d 379, 393 (5th Cir. 2003). This mitigation must include using "reasonable diligence to obtain substantially equivalent employment." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1045 (5th Cir. 1998). The burden of demonstrating failure to mitigate damages initially lies with the Defendant, however, and it must prove the damages which the Plaintiff could have mitigated. Sellers v. Delgado College, 902 F.2d 1189, 1193 (5th Cir. 1990) (holding that "the employer has the burden of proving failure to mitigate."). Here, the court finds that the Defendant failed to satisfy its burden that the Plaintiff did not mitigate his damages. The Defendant did not put on sufficient proof at trial concerning the damages that the Plaintiff failed to mitigate and could have mitigated. Thus, the court finds that the Defendant's argument that the Plaintiff failed to adequately mitigate his damages is without merit.

The Defendant also moves to remit the Plaintiff's backpay award to $7,630, arguing that the backpay award of $500 per month (plus nine percent towards his state retirement) should be limited to the period between the Plaintiff's termination (May 6, 2000) and the date (July 1, 2001) that all part-time police officers in the State of Mississippi were required to be certified law enforcement officers, a designation that the Plaintiff had not earned at the time of his termination.

The court finds, however, that the jury award of backpay for the entire period between termination and trial was proper, and that the jury was entitled to find that the proximate cause for

the Plaintiff's failure to be certified by July 1, 2001, was that the Defendant terminated his employment; the jury was also entitled to infer that the Plaintiff may well have obtained certification by the deadline had his employment not been terminated. Accordingly, the court finds that the Defendant's motion to remit the Plaintiff's backpay award on this ground is without merit.

Finally, the Defendant next moves for judgment as a matter of law as to the damages the jury awarded the Plaintiff for emotional distress, $18,060, arguing that the award was not supported by the evidence. For the following reasons, the court finds that the Defendant's contentions are misplaced and the jury's award of emotional distress damages is supported by the evidence presented at trial.

It has been repeatedly emphasized that "hurt feelings, anger and frustration are part of life," and are not the types of harm that can support a mental anguish award. Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 940 (5th Cir. 1996). Instead, there must be "a specific discernable injury to the claimant's emotional state" proven with evidence regarding the "nature and extent of the harm." Vadie v. Mississippi State Univ., 218 F.3d 365, 376 (5th Cir. 2000). In this regard, a plaintiff is not absolutely required to offer corroborating testimony or medical evidence in support of his emotional injuries; however, while a plaintiff's own testimony can be sufficient to support an emotional damages award, such a demonstration may be worthy of only a modest damages award. Vadie, 218 F.3d at 376-77 (remitting emotional distress damages award from $300,000 to $10,000); Hitt v. Connell, 301 F.3d 240, 250 (5th Cir. 2002). Neither conclusory statements that the plaintiff suffered emotional distress nor the fact that a constitutional violation occurred will necessarily support an award of compensatory damages. Hitt, 301 F.3d at 250.

As to his emotional state after termination, the Plaintiff testified that he could not sleep at

night and would constantly wake up; his sister corroborated this testimony and also stated that he would come to her house crying and upset, and seemed to be a different person. See Trial Transcript at 233-34, 322-23. The Plaintiff's wife testified that he had crying spells and was very irritable following his termination; she also testified that he was depressed, stressed out, and had difficulty sleeping at night. See Trial Transcript at 324-25. Although the Plaintiff did not present any expert psychological testimony at trial, the court finds that the testimony presented is sufficient to support a small emotional distress award, which is what the jury awarded. Vadie, 218 F.3d at 376-77. Thus, the court finds that the modest emotional distress damages award of $18,060 is consistent with and reasonably related to the proof presented at trial.

In sum, the court finds that the Defendant did not demonstrate that the Plaintiff failed to adequately mitigate his damages and that the jury's backpay award and damages for emotional distress are supported by the evidence presented at trial.

### 4. Plaintiff's Motion for Reinstatement or Front Pay

Finally, the Plaintiff moves the court for reinstatement or for front pay. The court declines to reinstate the Plaintiff to his former position because there is obvious discord and antagonism between the parties, which is in itself sufficient grounds to deny reinstatement. See Goldstein, 758 F.2d at 1448-49 (holding that reinstatement is inappropriate where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy."). Considering the evidence offered at trial, the court is of the opinion that ordering the Defendant to reinstate the Plaintiff would be ineffective as a make-whole remedy.

As for the Plaintiff's request for front pay, the Fifth Circuit has noted that while reinstatement is the preferred remedy for a discriminatory discharge, in cases where reinstatement is not feasible,

front pay may be awarded instead. Deloach, 897 F.2d at 822. In this Circuit, front pay is typically awarded for a period of between two and five years. See, e.g., Deloach, 897 F.2d at 822-23 (five years); Shirley v. Chrysler, 970 F.2d 39, 44-45 (5th Cir. 1992) (two years); Romanowski v. American Colloid Co., No. 1:94CV213-D-D, 1996 WL 33370644, at *2 (N.D. Miss. Feb. 28, 1996) (two years). In light of the circumstances surrounding this case, and the uncertainty that surrounded the Plaintiff's future employment with the City in his prior capacity, the court finds that an award of front pay for a period of two years is appropriate. The court shall calculate the award based on the Plaintiff's $500 per month salary plus the nine percent premium for his state retirement that he would have received, for a total award of $545 per month for 24 months, a total of $13,080.

### D. Conclusion

In sum, the court finds that the Defendant's motion for judgment as a matter of law or for new trial or remittitur shall be denied. The Plaintiff's motion for reinstatement or, in the alternative, for front pay, shall be granted in part and the Plaintiff awarded $13,080 for two years front pay.

A separate order in accordance with this opinion shall issue this day.

This the 16 day of March 2006.

/s/ Glen H. Davidson
Chief Judge